**AMERICAN TITLE INSURANCE COMPANY, a Florida Corporation, Appellee,**

v.

**M–H ENTERPRISES, an Oklahoma Corp., and Michael Holmes, Appellants,**

**and**

**Steve M. Miller and Carl B. Walsingham, Jr., Defendants.**

**Nos. 75239, 75573.**

Court of Appeals of Oklahoma, Division No. 3.

June 11, 1991.

Certiorari Denied Sept. 16, 1991.

Joe S. Ralston, III, Oklahoma City, for appellants.

Barbara L. Swimley, Susan M. Henderson, Oklahoma City, for appellee.

## MEMORANDUM OPINION

GARRETT, Presiding Judge:

M–H Enterprises Inc. and Michael Holmes (Appellants) applied for a loan with Brookwood National Bank (Brookwood) for the purpose, among other things, of purchasing real property. Steve M. Miller also made application but is not a party to this appeal. In connection with the approval of the loan, Brookwood required Appellants to furnish a mortgagee title insurance policy, at Appellants' expense with Brookwood as beneficiary, in the amount of the loan.

Brookwood ordered a commitment for title insurance from Security Title Service, Inc., now American Title Insurance Company (American), and received an Insured Title report showing title to the real property to be free and clear of encumbrances, except a federal tax lien. The federal tax lien was paid upon closing. On March 17, 1987, Appellants purchased the property, executed a promissory note and gave a mortgage as security to Brookwood.

It was later discovered that lis pendens had been filed on March 13, 1987, relating to an action filed in district court seeking to foreclose a prior first mortgage. After closing, American issued and delivered to Brookwood a title insurance policy showing M–H Enterprises, Inc. as owner and Brookwood as insured.

Approximately one year later, the real property was foreclosed and a writ of assistance obtained by the party foreclosing the property. Appellants notified Brookwood that .as a result of the foreclosure, they would no longer make payments towards the note. Appellants also requested Brookwood to institute an action against American to recover the loss of collateral securing Brookwood's mortgage.

Brookwood filed a claim with American and subsequently settled the claim. Upon settlement, Brookwood assigned the note and mortgage to American.

American brought an action against Appellants to recover the principal balance of the note assigned by Brookwood. American alleged breach of warranty by Appellants, as a warranty in the mortgage to

Brookwood asserted the real property was free and clear of all encumbrances, except the Brookwood mortgage.

Appellants counterclaimed, alleging that American, by and through its agent, Carl Walsingham, Jr. (Walsingham), was negligent in issuing mortgagee title insurance to Brookwood, upon which Appellants had relied in purchasing the real property and in executing the mortgage to Brookwood. They alleged that as a result of that negligence, the collateral covered by the mortgage had been lost and that Appellants had suffered damage in the amount of the fair market value of the real property. Appellants also prayed for punitive damages.

American amended its petition and added Walsingham as a defendant, alleging he was its agent and was negligent in failing to ascertain the existence of a prior first mortgage. American sought to recover from Walsingham the amount it expended in settling the claim with Brookwood.

American filed a Motion for Partial Summary Judgment. Attached as an exhibit to the motion was an affidavit by a Vice President of American setting out the assignment of the Brookwood note and mortgage; the default thereon; the amount due; and, that any work done by American was done solely for the guidance and benefit of Brookwood and was not intended for the guidance, reliance or benefit of Appellants. The trial court sustained the motion and entered judgment for American against Appellants.

On appeal, Appellants contend: (1) the trial court erred in sustaining American's motion and entering summary judgment for American against Appellants. They also contend (a) the trial court erred in finding American had no duty to Appellants, who paid for the title insurance, under 36 O.S.1981 § 5001(C), when issuing the mortgagee title insurance policy to Appellants' mortgagee; (b) the trial court erred in finding Appellants were not entitled to set off against American's claim for the value of the mortgaged premises pursuant to 12 O.S. § 686; and (c) the summary judgment was not proper as a matter of law.

American sustained the loss due to its own negligence in issuing the title insurance policy when notice of pending litigation regarding this property was filed of record. In addition, under 36 O.S.1981 § 5001(C) American was negligent per se. Section 5001(C) provides:

> C. Every policy of title insurance or certificate of title issued by any company authorized to do business in this state shall be countersigned by some person, partnership, corporation or agency actively engaged in the abstract of title business in Oklahoma as defined and provided in Title 1 or by an attorney licensed to practice in the State of Oklahoma duly appointed as agent of a title insurance company, provided that no policy of title insurance shall be issued in the State of Oklahoma except after examination of a duly-certified abstract of title prepared by a bonded and licensed abstractor as defined herein.

As buyers of the title insurance policy, Appellants had the right to rely on American's compliance with § 5001(C) when they purchased the policy, regardless of the fact that Appellants were not the beneficiary. American's failure to obtain a duly certified abstract of title and have it examined by a duly licensed attorney constitutes negligence per se.

We also hold that American is not subrogated to the interests of Brookwood. As aptly stated by Judge Brightmire in *Sutton v. Jondahl*, 532 P.2d 478, 481–82 (Okl.App. 1975):

> The principle of subrogation was begotten of a union between equity and her beloved—the natural justice of placing the burden of bearing a loss where it *ought to be.* Being so sired this child of justice is without the form of a rigid rule of law. On the contrary it is a fluid concept depending upon the particular facts and circumstances of a given case for its applicability. To some facts subrogation will adhere—to others it will not. (Citations omitted) (Emphasis in original).

The assignment of the note and mortgage from Brookwood to American was insufficient to make American a holder in due course. Under 12A O.S.1981 § 3–302, the requirements of a holder in due course are:

(1) A holder in due course is a holder who takes the instrument

(a) *for value;* and

(b) in good faith; and

(c) *without notice that it is overdue* or has been dishonored or of any defense against or claim to it on the part of any person. (Emphasis added).

American cannot claim in good faith that it took the assignment of Appellants' note and mortgage for value and without notice that it was overdue. American did not purchase the note and mortgage. The payment by American to Brookwood merely satisfied its obligation under its title policy. American's rights against Appellants are non-existent. The summary judgment was improperly granted.

Since Appellants were not beneficiaries of the title insurance policy, they may not recover on the policy. However, Appellants' counterclaim is based on negligence. Under the facts of this case Appellants have the right to pursue this negligence action. Summary judgment against them on this issue was not proper.

REVERSED AND REMANDED for further proceedings.

HUNTER, C.J., concurs.

HANSEN, J., not participating.